UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE F. TIBBETTS and TAMBERLYN TIBBETTS,<br><br>    Plaintiffs,<br><br>    v.<br><br>KELLER MORTGAGE, LLC, dba KELLER MORTGAGE, NATIONSTAR MORTGAGE LLC, and NATIONSTAR MORTAGE LLC, dba MR. COOPER, U.S. BANK NATIONAL ASSOCIATION and DOES 1-20, inclusive,<br><br>    Defendants. | No.  2:23-cv-00596-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT KELLER MORTGAGE, LLC'S MOTION TO DISMISS** |

This case arises from a mortgage rescission transaction between Plaintiffs Steve F. Tibbetts and Tamberlyn Tibbetts (collectively, "Plaintiffs") and Defendant Keller Mortgage, LLC, dba Keller Mortgage ("Defendant Keller").  Plaintiffs' claim the actions of Defendant Keller, as well as those of Defendant U.S. Bank National Association ("Defendant U.S. Bank N.A."), Defendant Nationstar Mortgage, LLC. ("Defendant Nationstar"), and Defendant Nationstar Mortgage LLC, dba Mr. Cooper ("Defendant Cooper"), after Plaintiffs rescinded their loan agreement, resulted in damages to Plaintiffs' credit ratings and has caused Plaintiffs

1

1 | to suffer emotional distress.

2 | Before the Court is Defendant Keller's motion to dismiss Plaintiffs' claims against Defendant Keller for (1) Breach of Contract; (2) Breach of Fiduciary Duty; and (3) Constructive Fraud. See Mot. To Dismiss. ("Mot."), ECF No. 19. Additionally, Defendant Keller moves the Court to dismiss Plaintiffs' request for attorney's fees and punitive damages. Id. Plaintiffs opposed this Motion. Opp'n, ECF No. 22. Defendant Keller replied. Reply, ECF No. 23.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The facts are taken from the Second Amended Complaint ("SAC"), as well as the exhibits filed in support of the SAC, and assumed to be true for the purposes of this motion. See Federal Rules of Civil Procedure Rule 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In March of 2021, Plaintiffs took out a home equity line of credit through Defendant Keller ("Original Equity Loan"), secured against their real property. SAC ¶ 12, ECF No. 17.

In April of 2022, Plaintiffs began the process of refinancing the Original Equity Loan. Id. ¶ 13.

In May of 2022, Defendant Keller issued a new loan to Plaintiffs ("May 2022 Refinanced Equity Loan"). Id. ¶ 14. Plaintiffs were to use the May 2022 Refinanced Equity Loan to pay the balance on the Original Equity Loan and begin a construction project on their real property. Id.

///

1         In June of 2022, Plaintiffs received a letter from Defendant
2    Keller advising them that during closing of the May 2022
3    Refinanced Equity Loan, Defendant Keller provided an incorrect
4    Right to Cancel form to Plaintiffs.  Id. ¶ 16.  Defendant Keller
5    provided Plaintiffs a new form, extending Plaintiffs' deadline to
6    cancel the May 2022 Refinanced Equity Loan.  Id.; See also Exh. 1
7    to SAC, ECF No. 17.
8         Prior to the extended deadline, Plaintiffs signed the new
9    form and sent the executed document to an employee of Defendant
10   Keller, in accordance with the instructions on the form.  SAC
11   ¶ 17; Exh. 1 to SAC.  Defendant Keller failed to respond to this
12   executed form.  SAC ¶ 18.
13        On July 7, 2022, Defendant Keller and Plaintiffs opened
14   escrow to rescind the May 2022 Refinanced Equity Loan.  Id.
15   ¶¶ 18, 47.  At some point before this date, the May 2022
16   Refinanced Equity Loan was sold by Defendant Keller to Defendant
17   U.S. Bank N.A.  Id. ¶ 19.  Defendant Cooper became the servicer.
18   Id.
19        On July 25, 2022, Defendant Keller issued a new loan to
20   Plaintiffs and Plaintiffs returned the construction funds,
21   placing Plaintiffs in the position they were prior to the May
22   2022 Refinanced Equity Loan.  Id. ¶¶ 18, 36.
23        At some point between July 7, 2022, and July 25, 2022, the
24   May 2022 Refinanced Equity Loan was repurchased by Defendant
25   Keller from Defendant U.S. Bank N.A.  Id. ¶ 20.  As part of the
26   repurchase, Defendant Keller was required to reconvey the May
27   2022 note and deed of trust.  Id. ¶ 37; Exh. 6 to SAC.
28   ///

3

1    Plaintiffs allege they did not receive a copy of the
2 recorded Substitution of Trustee and Full Reconveyance, in
3 violation of California Civil Code § 2941.  See generally SAC
4 ¶¶ 22, 41, 52, 54, 58.  Additionally, Plaintiffs allege Defendant
5 Keller failed to notify Defendants U.S. Bank N.A., Nationstar,
6 and Cooper that a reconveyance had taken place.  Id. ¶ 40.
7    Plaintiffs contend the failure of Defendant Keller to mail
8 them a copy of the reconveyance documents caused Defendant Cooper
9 to continue seeking enforcement of the May 2022 Refinanced Equity
10 Loan after it was rescinded.  See generally id. ¶¶ 23-31.  As a
11 result, Plaintiffs were reported by Defendant Cooper as
12 delinquent on the May 2022 Refinanced Equity Loan, which resulted
13 in "significant deterioration of their credit worthiness."  Id.
14 ¶ 33.
15    Additionally, Plaintiffs claim Defendant Keller breached its
16 fiduciary duty to act in the best interest as trustee of the deed
17 of trust under California Civil Code § 2941.
18    Finally, Plaintiffs allege Defendant Keller committed
19 constructive fraud under California Civil Code § 1573.
20
21                         II.  OPINION
22    A.   Legal Standard
23    A Rule 12(b)(6) motion challenges the complaint as not
24 alleging sufficient facts to state a claim for relief.  Fed. R.
25 Civ. P. 12(b)(6).  "To survive a motion to dismiss [under
26 12(b)(6)], a complaint must contain sufficient factual matter,
27 accepted as true, to state a claim for relief that is plausible
28 on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

4

(internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the suit. Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss for failure to state a claim, a court generally accepts as true the allegations in the complaint and construes the pleading in the light most favorable to the plaintiff. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

To defeat a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility under Twombly requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. "At this stage, the Court 'must accept as true all of the allegations contained in a complaint.'" Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

Conclusory allegations are not to be considered in the plausibility analysis. Id. at 679 ("While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations.")

B. <u>Judicial Notice</u>

Defendant Keller requests the Court take judicial notice of three documents: (1) the recorded Deed of Trust executed by Plaintiffs for the May 2022 Loan; (2) the recorded Deed of Trust executed by Plaintiffs for the July 2022 Loan; and (3) the recorded Substitution of Trustee and Full Reconveyance for the May 2022 Loan. Mot. at 2; Req. for Judicial Notice, ECF No. 19-2. The Court does not need to take Judicial Notice of these documents since it can, and has, considered them under the incorporation-by-reference doctrine. See <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 1002 (9th Cir. 2018) (explaining that unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself when the plaintiff refers extensively to the document or it forms the basis of plaintiff's claim).

C. <u>Discussion</u>

1. <u>Claim One: Breach of Contract</u>

In general, real estate contracts are subject to the general law of contracts. The elements for a breach of contract claim include the following: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. <u>Careau & Co. v. Sec. Pac. Bus. Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1388 (1990).

///

1    Here, Plaintiffs argue Defendant Keller breached "both the
2 May 2022 [Refinanced Equity] Loan and the July 2022 Loan." SAC
3 ¶ 40.  These breaches, Plaintiffs allege, occurred when
4 Plaintiffs "had not received a copy of the Substitution of
5 Trustee and Full Reconveyance" prepared and recorded by
6 Defendant Keller's legal team.  SAC ¶ 37.  Plaintiffs claim they
7 performed all obligations required of them, however, Defendant
8 Keller failed to notify the purchaser of the May 2022 Refinanced
9 Equity Loan that a reconveyance took place.  Id. ¶ 40.
10 Defendant Keller, Plaintiffs argue, breached its obligations as
11 required under California Civil Code § 2941.  Id. ¶ 41.
12    Defendant Keller, on the other hand, contends Plaintiffs'
13 claim fails because Plaintiffs have failed to allege a contract
14 that required Defendant Keller to notify the owners of the May
15 2022 Refinanced Loan.  Mot. at 5:24-26.  The Court agrees.
16    Plaintiffs have not provided the Court with any evidence
17 that there was an agreement between Plaintiffs and Defendant
18 Keller which imposed upon Defendant Keller an obligation to
19 notify the May 2022 Refinanced Equity Loan's purchaser of the
20 reconveyance.  Plaintiffs reference their deed of trust with
21 Defendant Keller, stating that paragraph 23 of the deed of trust
22 requires Defendant Keller to request that the trustee reconveys
23 the property back to Plaintiffs after full repayment.  SAC ¶ 37.
24    The full terms of paragraph 23 state:
25
> 23. **Reconveyance.** Upon payment of all sums secured by
> this Security Instrument, Lender shall request Trustee
26 > to reconvey the Property and shall surrender this
> Security Instrument and all notes evidencing debt
27 > secured by this Security Instrument to Trustee.
> Trustee shall reconvey the Property without warranty
28 > to the person or persons legally entitled to it.

7

>Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

Exh. 6 to SAC, ECF No. 17. Although there is a requirement that Defendant Keller request the trustee reconvey the property to Plaintiffs, there are no terms requiring Defendant Keller to notify the purchaser of the reconveyance, nor to provide Plaintiffs a copy of the Substitution of Trustee and Full Reconveyance. Plaintiffs' allegations in the SAC are insufficient to support their breach of contract claim.

The Court notes, within their breach of contract cause of action, Plaintiffs allege Defendant Keller "breached its obligations as a Trustee to the [Plaintiffs] as required by Civil Code section 2941." SAC ¶ 41. While California Civil Code § 2941 imposes statutory requirements on Defendant Keller after an obligation has been satisfied, See Cal. Civ. Code § 2941(b), an action under § 2941 is one in tort rather than contract because it seeks damages for violation of a statutory duty. Pintor v. Ong, 211 Cal. App. 3d 837, 841 (1989). The duty to reconvey exists in express provisions of the statute, regardless of any contractual obligations. Id. Therefore, if Plaintiffs are claiming that Defendant Keller violated a statutory requirements of § 2941, the action would be in tort not breach of contract. Accordingly, Plaintiffs' claim for breach of contract is dismissed without prejudice.

///

///

8

2.  <u>Claim Two: Breach of Fiduciary Duty</u>

Ordinarily, Plaintiffs' claim is no fiduciary duty in a lender-borrower relationship. <u>Ragland v. U.S. Bank Nat'l Ass'n</u>, 209 Cal. App. 4th 182, 206 (2012) ("No fiduciary duty exists between a borrower and lender in an arm's length transaction."); <u>Lawrence v. Bank of Am.</u>, 163 Cal. App. 3d 431, 437 (1985); <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 476 (1989). A lender owes no duty of care to a borrower when the lender's involvement of the loan does not exceed the customary role in arm's length lending and servicing. <u>Sheen v. Wells Fargo Bank, N.A.</u>, 12 Cal. 5th 905, 927 (2022), reh'g denied (June 1, 2022).

In a lender-borrower relationship, a special relationship can exist in certain circumstances, which may result in fiduciary obligations, however, the relationship must be beyond the scope of the traditional arm's length transaction. <u>Barrett v. Bank of Am.</u>, 183 Cal. App. 3d 1362, 1369 (1986) ("Confidential and fiduciary relations are in law, synonymous and may be said to exist whenever trust and confidence is reposed by one person in another."); <u>Brown v. Wells Fargo Bank, N.A.</u>, 168 Cal. App. 4th 938, 961 (2008) (determining that a bank's employee inducing elderly and frail individuals to rely on the bank to handle their financial affairs constitutes a fiduciary relationship.). A lender will owe a fiduciary duty to a borrower if it excessively controls or dominates the borrower. <u>Pension Tr. Fund for Operating Engineers v. Fed. Ins. Co.</u>, 307 F.3d 944, 955 (9th Cir. 2002).

In lending transactions involving deeds of trust, a trustee of a deed of trust is not a true trustee and does not hold

fiduciary obligations.  <u>Yvanova v. New Century Mortg. Corp.</u>, 62 Cal. 4th 919, 927 (2016).  A trustee of a deed of a trust merely acts as an agent for the borrower-trustor and the lender-beneficiary.  <u>Id.</u>; <u>Biancalana v. T.D. Serv. Co.</u>, 56 Cal. 4th 807, 819 (2013).

Here, Plaintiffs argue Defendant Keller breached their fiduciary duty as trustee of the deed of trust.  SAC at ¶ 48.  Plaintiffs argue upon the recordation of the Substitution of Trustee and Full Reconveyance, Defendant Keller became the trustee of the deed of trust and owed a duty to "act with the utmost good faith in the best interests of Plaintiffs."  <u>Id.</u>  Plaintiffs argue Defendant Keller breached this duty when it failed to act as a reasonably careful loan provider and failed to fulfill its obligations under California Civil Code § 2941.  <u>Id.</u> ¶¶ 51, 52.

Defendant Keller, however, argues it was not a fiduciary.  Mem. in Supp. of Mot., ECF No. 19-1 at 9:15-17.  Rather, its relationship with Plaintiffs was that of a lender-borrower under a contract.  <u>Id.</u>

Plaintiffs claim a fiduciary relationship began when Defendant Keller stepped in as trustee, Opp'n at 14, and Defendant Keller breached this duty when it failed to provide a copy of the recorded reconveyance to Plaintiffs.  <u>Id.</u>  The failure to provide this document was the proximate cause of damages suffered by Plaintiffs.  <u>Id.</u>

Here, the facts establishing the parties' relationship can be summarized as follows: (a) Defendant Keller was the initial loan provider of the Original Equity Loan; (b) Defendant Keller

10

and Plaintiffs reached an agreement on refinancing the Original Equity Loan; and (c) Plaintiffs properly rescinded that loan with Defendant Keller, placing them back in the position they were prior to the refinance.

The Court finds that no fiduciary relationship between Plaintiffs and Defendant Keller existed.  Although Defendant Keller was the trustee identified in the deed of trust, the law is clear that a trustee of a deed of trust is not a fiduciary. There are no fiduciary obligations as a trustee of a deed of trust, or even just as a lender, absent facts suggesting otherwise.  Yvanova v. New Century Mortg. Corp., 62 Cal.4th at 927.

There are no facts alleged which establish Defendant Keller acted in any fiduciary capacity with Plaintiffs, such as Defendant Keller offering Plaintiffs financial advice or Plaintiffs providing Defendant Keller with confidential, privileged information, believing they were in a position of trust.  Plaintiffs have not alleged any facts that create more than a typical arm's length lending and servicing transaction. Additionally, Plaintiffs have not alleged any facts that support Defendant Keller, acting as trustee, acted more than a passive agent for the parties.

Plaintiff's second claim for breach of fiduciary duty is dismissed without prejudice.

### 3.   Claim Three: Constructive Fraud

Constructive fraud exists when there is a breach of duty, without actual fraudulent intent, in which the person at fault gains an advantage by misleading another with whom they owed a

duty. Cal. Civ. Code § 1573. Constructive fraud depends on the existence of a fiduciary relationship of some kind and arises from a breach of duty in that relationship. Mark Tanner Constr. v. Hub Internat. Ins. Servs., 224 Cal. App. 4th 574, 588 (2014); Ragland v. U.S. Bank Nat'l Ass'n, 209 Cal. App. 4th 182, 207 (2012); Barrett v. Bank of Am., 183 Cal. App. 3d 1362, 1369 (1986); Darrow v. Robert A. Klein & Co., 111 Cal. App. 310, 316 (Cal. Dist. Ct. App. 1931). Like fraud claims, an action for constructive fraud requires a heightened pleading standard in which the action must be pled with specificity. Schauer v. Mandarin Gems of Cal., Inc., 125 Cal. App. 4th 949, 960 (2005).

Here, Plaintiffs argue Defendant Keller committed constructive fraud in violation of California Civil Code § 1573 because Plaintiffs reasonably relied on Defendant Keller as the substituted trustee to comply with California Civil Code § 2941. SAC ¶ 58. Plaintiffs state Defendant Keller's failure to provide Plaintiffs a copy of the recorded Substitution and Full Reconveyance of the Deed of Trust caused damages to Plaintiffs. Id. Defendant Keller's failure to disclose to the other defendants that the May 2022 Refinanced Equity Loan was reconveyed and repurchased was a substantial factor in causing Plaintiffs' harm. Id. ¶¶ 59, 60.

Defendant Keller argues it did not owe Plaintiffs a fiduciary duty, thus, Plaintiffs' constructive fraud claim fails. Mem. in Supp. of Mot. at 11:13-19. The Court agrees.

First, as detailed above, Plaintiffs have failed to show that Defendant Keller owed Plaintiffs a fiduciary duty, or that it was in a position of trust or confidence. Absent facts

demonstrating a fiduciary relationship, Plaintiffs' constructive fraud claim fails.

Second, Plaintiffs have failed to allege that Defendant Keller, or any other party, gained any advantage by Defendant Keller's failure to disclose that the May 2022 Refinanced Equity Loan was reconveyed and repurchased.

Third, Plaintiffs repeatedly state that Defendant Keller's failure to provide the copy of the recorded Substitution and Full Reconveyance of Deed of Trust caused Plaintiffs' damages. Plaintiffs, however, have failed to allege facts demonstrating causation to establish "but-for" Defendant Keller failing to provide the documentation, Plaintiffs would not have been injured.

For all these reasons, Plaintiffs' claim for constructive fraud is dismissed without prejudice.

### 4. Request for Attorney's Fees

Defendant Keller requests the Court dismiss Plaintiffs' claim for attorney's fees. Mot. at 2. Under California law, the prevailing party is not entitled to attorney's fees unless provided for by contract or statute. Cal. Code Civ. Proc. § 1021; See also Cal. Code Civ. Proc. § 1033.5(a)(10) (establishing attorney's fees are allowable as costs when authorized by (a) contract; (b) statute; or (c) law.).

Plaintiffs have not cited to a statute or any other law that entitles them to attorney's fees in this case. Under California Civil Code § 1717, Plaintiffs also cannot recover attorney's fees unless the action is under the contractual obligations set forth in the deed of trust. Cal. Civ. Code § 1717. Because

Plaintiffs' breach of contract claim fails, there is no action on the deed of trust and Plaintiffs are not entitled to attorney's fees.

Plaintiffs' claim for attorney's fees is dismissed without prejudice.

### 5. Punitive Damages Claim

Defendant Keller also requests an Order dismissing Plaintiffs' claim for punitive damages. Mot. at 2. Defendant Keller argues Plaintiffs fail to allege any facts in which fraudulent, malicious, or oppressive conduct could be inferred. Mem. in Supp. of Mot. at 14 (citing Kelley v. Corr. Corp. of Am., 750 F.Supp.2d 132, 1447 (E.D. Cal. 2010)).

If a cause of action bars recovery of certain damages, the request for damages can be dismissed in a Rule 12(b)(6) motion. Vaughan v. Anderson Reg'l Med. Ctr., 849 F.3d 588, 590 (5th Cir. 2017); Beluca Ventures LLC v. Einride Aktiebolag, No. 21-CV-06992-WHO, 2022 WL 17252589, at *5 (N.D. Cal. Nov. 28, 2022) (determining if punitive damages are unavailable as a matter of law, a motion to dismiss under Rule 12(b)(6) is procedurally proper.).

California Civil Code § 3294(a) allows punitive damages under certain circumstances by way of "punishing the defendant" in actions not arising from a contract. Here, Plaintiffs claims for breach of fiduciary duty and constructive fraud were the only non-contractual claims against Defendant Keller. Both claims have been dismissed.

Given the failure of Plaintiffs to properly plead a tortious claim against Defendant Keller, as a matter of law, Plaintiffs

14

request for punitive damages also fails and is dismissed without prejudice. Copelan v. Infinity Ins. Co., 359 F.Supp.3d 926, 930 (C.D. Cal. 2019) (determining punitive damages request fails when underlying claims fail).

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant Keller's Motion to Dismiss claims one, two and three against it WITHOUT PREJUDICE. The Court also GRANTS Defendant Keller's Motion to Dismiss Plaintiffs' request for attorney's fees and punitive damages WITHOUT PREJUDICE. If Plaintiffs elect to amend their complaint, they shall file their Third Amended Complaint within twenty days (20) of this Order. Defendants' responsive pleadings are due twenty days (20) thereafter.

IT IS SO ORDERED.

Dated: October 12, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE