UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE F. TIBBETTS and TABERLYN TIBBETTS,<br><br>             Plaintiffs,<br><br>     v.<br><br>KELLER MORTGAGE, LLC, dba KELLER MORTGAGE, ET AL.,<br><br>             Defendants. | No. 2:23-cv-00596-JAM-CKD<br><br>**ORDER DENYING DEFENDANT NATIONSTAR'S MOTION TO DISMISS** |

Before the Court is Defendant Nationstar Mortgage LLC's motion to dismiss Plaintiffs' claims against Nationstar for defamation and injunctive relief. See Mot. to Dismiss ("Mot."), ECF No. 34. Plaintiffs filed an opposition to Nationstar's motion. Opp'n., ECF No. 40. Plaintiffs argue Nationstar has filed answers against Plaintiffs' previous complaints containing "the exact same language" as the currently active third amended complaint ("TAC"). Id. Plaintiffs contend the TAC does not revive Nationstar's right to file a post-answer Rule 12(b)(6) motion. Id. Nationstar did not file a reply. For the reasons set forth below, the Court denies Nationstar's motion.[1]

---

[1] This motion is determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

I.   OPINION

Pursuant to Federal Rules of Civil Procedure Rule 12(b), a motion asserting a Rule 12(b)(6) defense must be brought prior to filing a responsive pleading.  Although an amended complaint generally "wipes out" a prior complaint, district courts in this circuit have followed a general rule that an amended complaint does not allow defendants to raise Rule 12(b) defenses that they could have raised against a previous complaint. Power Probe Grp., Inc. v. Innova Elecs. Corp., No. 2:21-cv-00332-GMN-EJY, 2023 U.S. Dist. LEXIS 204329, at *5 (D. Nev. Apr. 27, 2023); Best Fresh LLC v. Vantaggio Farming Corp., No. 3:21-cv-00131-BEN-WVG, 2022 U.S. Dist. LEXIS 162581, at *31 (S.D. Cal. Sep. 7, 2022); Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S., No. SA CV 15-0837-DOC (JCGx), 2016 U.S. Dist. LEXIS 195933, at *17 (C.D. Cal. Aug. 17, 2016); Brooks v. Harlon Rip Caswell, No. 3:14-cv-01232-AC, 2016 U.S. Dist. LEXIS 26832, at *8 (D. Or. Mar. 2, 2016).  If a defendant filed an answer to a previous complaint, only new allegations and arguments in the amended complaint will create a basis for a Rule 12(b) motion.  Best Fresh LLC, 2022 U.S. Dist. LEXIS 162581, at *34.  For Rule 12(b)(6) motions, "[a]llowing a post-answer motion to dismiss on an amended complaint where the amendment merely substantiates existing claims would render the Rule 12(b) restriction on post-answer motions meaningless."  Brooks, 2016 U.S. Dist. LEXIS 26832, at *8.

Here, the TAC alleges the same causes of action as Plaintiffs' previous complaints for defamation and injunctive relief.  Compare TAC at 13-15, with Compl. at 11-12, Exh. 1 to

1  Notice of Removal, ECF No. 1 at 20-21, First Amended Compl.
2  ("FAC") at 12-13, ECF No. 8, and Second Amended Compl. ("SAC") at
3  12-14, ECF No. 17.  There are no new allegations or arguments
4  against Nationstar concerning these two causes of actions.
5  Nationstar filed answers to Plaintiffs' first and second amended
6  complaints, arguing general denials against the two causes of
7  actions.  Nationstar Answer to FAC at 9-10, ECF No. 10;
8  Nationstar Answer to SAC at 8-9, ECF No. 20.  Because Nationstar
9  filed answers against Plaintiffs' prior complaints and the TAC
10 does not add any new matter that creates a new basis for a Rule
11 12(b)(6) motion, Nationstar's motion cannot be considered by this
12 Court.  The Motion is denied.

## II.  ORDER

   For the reasons set forth above, the Court DENIES Defendant Nationstar's Motion to Dismiss in its entirety.

   IT IS SO ORDERED.

Dated: February 16, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

3