UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE F. TIBBETTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, et al, <br><br> Defendants. | No.  2:23-cv-00596 JAM CKD <br><br> ORDER ON MOTION FOR PROTECTIVE ORDER <br><br> (ECF No. 61) |

Defendant Nationstar Mortgage LLC dba Mr. Cooper's ("Nationstar") motion for protective order filed on November 25, 2024, is before the court. (ECF No. 61.) Defendant Nationstar and plaintiffs Steve F. Tibbetts and Tamberlyn Tibbetts filed their joint statement re discovery disagreement on December 20, 2024. (ECF No. 69.) Defendant Nationstar and plaintiffs appeared for a hearing on January 8, 2025. Attorney Dennis Seley appeared on behalf of plaintiffs, and Attorney Holly Cheong appeared on behalf of defendant Nationstar. For the reasons set forth below, defendant Nationstar's motion for a protective order is denied.

**I.     Background**

   **A.  The Underlying Action**

On March 29, 2023, this action was removed by defendant Nationstar from Placer County Superior Court. (ECF No. 1.) Plaintiffs filed their third amended complaint ("TAC") on November 1, 2023, against Keller Mortgage, LLC, dba Keller Mortgage ("Keller Mortgage");

Nationstar Mortgage LLC; Nationstar; U.S. Bank National Association; and Does 1-20 inclusive. (ECF No. 26.)  The TAC alleged four causes of action:  Intentional misrepresentations against defendant Keller Mortgage; negligent misrepresentations against defendant Keller Mortgage; defamation against defendants U.S. National Bank Association and Nationstar; and injunctive relief against defendants U.S. National Bank Association and Nationstar.  (*Id.*)  On January 19, 2024, defendant Keller Mortgage was voluntarily dismissed from the case with prejudice.  (ECF No. 43; *see* ECF No. 42.)  The two remaining claims are the defamation claim and the request for injunctive relief against defendants U.S. National Bank Association and Nationstar.

Plaintiffs allege that they obtained a loan from Keller Mortgage in May 2022, and exercised their right to cancel the loan in June 2022.  (ECF No. 26 at 4, ¶¶ 14-17; ECF No. 61 at 3.)  In July 2022, Nationstar became the servicer of the loan.  (ECF No. 26 at 5, ¶ 19; ECF No. 61 at 3.)  Plaintiffs allege that even though the May 2022 loan was rescinded, Nationstar "has and continues to report negative credit ratings to all credit reporting agencies that Plaintiffs are delinquent on the rescinded loan."  (ECF No. 26 at 13, ¶ 70; ECF No. 61 at 3.)

### B. The Discovery Dispute

On April 1, 2024, the pretrial scheduling order was issued in this case, setting the discovery deadline for November 29, 2024.  (ECF No. 48 at 6.)  On November 7, 2024, the Court granted the parties' request to extend the discovery deadline to December 18, 2024.  (ECF No. 59.)  On October 25, 2024, plaintiffs requested depositions of six Nationstar employees and Nationstar's Federal Rule of Civil Procedure 30(b)(6) witness.  (ECF No. 61 at 2.)  On November 5, 2024, defendant Nationstar and plaintiffs met and conferred and scheduled the depositions.  (*Id.*)  However, on November 8, 2024, defendant Nationstar learned that one of the witnesses, Jeremy Kasza, was on medical leave under the Family and Medical Leave Act ("FMLA") during the date of his scheduled deposition.  (*Id.*)  On November 18 and 19, 2024, the parties met and conferred about postponing the deposition of Kasza while he was on medical leave.  (ECF No. 61-1 at 2.)  Defense counsel proposed a stipulation allowing plaintiffs to depose Kasza when he was available, but plaintiffs' counsel refused.  (*Id.*)  On November 22, 2024, plaintiffs filed a

////

1 motion to continue the trial date and to modify the pre-trial scheduling order. (ECF No. 60.) This motion is pending before Senior District Judge John A. Mendez.

On November 25, 2024, defendant Nationstar filed this motion for a protective order to prevent plaintiffs from taking Kasza's deposition because of lack of proportionality and due to his leave of absence for personal medical reasons. (ECF No. 61 at 3.) The parties filed their joint statement re discovery dispute on December 20, 2024.[1] (ECF No. 69.) In their joint statement, the parties present two issues in dispute. (*Id.* at 4.) The first issue is about deposing Kasza while he is on FMLA leave. (*Id.* at 4-5.) The second issue is about whether taking Kasza's deposition is proportional to the needs of the case. (*Id.* at 5-8.)

**II.     Legal Standards**

A party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the court pursuant to Federal Rule of Civil Procedure 26(c)(2) designating a different place. *See* Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 26(c)(2). A protective order is available to limit the breadth or use of a discovery request. Fed. R. Civ. P. 26(c).

Federal Rule of Civil Procedure 26(c) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c)(1).

Options available to the court include, in part, "forbidding the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

---

[1] Defendant Nationstar filed a statement of non-opposition on December 10, 2024, because plaintiffs did not file an opposition to the motion for a protective order. (ECF No. 64.) However, this is a discovery dispute, which falls under Local Rule 251, and no opposition is required. Rather, the parties are required to file a joint statement re discovery dispute, which they did. *See* Local Rule 251 (c).

1206, 1211-12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Internat. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

### III.     Discussion

#### A. Deposition of Jeremy Kasza While on FMLA Leave

Defendant Nationstar first argues that deposing Kasza while he is on medical leave would violate the FMLA. (ECF No. 69 at 4-5.) Plaintiffs argue that they noticed Kasza for deposition to make a record that he was unable to appear due to FMLA leave, but that they did not request for him to return from leave to attend the deposition. (*Id.* at 5.) Plaintiffs want to reserve the right to depose Kasza when he returns from leave. (*Id.*) Defendant Nationstar indicated that Kasza is on an extended leave of absence until at least mid-February 2025. (ECF No. 61 at 21.) Both the parties' arguments are somewhat contradicted by the declaration of defense counsel attached to the initial motion for a protective order, which describes two meet and confer efforts, and says defense counsel proposed a stipulation which would allow plaintiffs to depose Kasza when he is available, but that plaintiffs' counsel refused. (ECF No. 61-1 at 2.) Now defendant Nationstar is also arguing that deposing Kasza is disproportionate to the needs of the case, and plaintiffs are arguing that they never intended Kasza to return from leave for the deposition. Regardless, based on the parties' joint statement, this issue is resolved, and plaintiffs agree not to demand that defendant Nationstar produce Kasza while he is on leave. (ECF No. 69 at 5.)

#### B. Deposition of Kasza is Proportional to the Needs of the Case

Defendant Nationstar has not met its burden of showing "good cause" for a protective order to prevent the deposition of Kasza. *In re Roman Catholic Archbishop*, 661 F.3d at 424. Federal Rule of Civil Procedure 26(b)(1) permits that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

4

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant Nationstar argues that plaintiffs demand for depositions of six Nationstar employees plus the rule 30(b)(6) witness is not proportional to plaintiffs' one defamation claim. (ECF No. 69 at 5.) Defendant Nationstar argues that plaintiffs have not shown why Kasza's testimony is necessary to support their defamation claim, given their access to other witnesses. (*Id.* at 6.) Defendant Nationstar also argues that the amount in controversy is speculative, that plaintiffs already have access to relevant information, including nearly 2000 pages of documents, and plaintiff will be deposing six other witnesses. (*Id.* at 6.) Further, defendant Nationstar argues that plaintiffs have not stated why they need to depose Kasza or how Kasza is tied to their defamation claim. (*Id.* at 6-7.) Defendant Nationstar also argues that waiting for Kasza to return from medical leave is burdensome on defendant Nationstar and could extend discovery "indefinitely." (*Id.* at 7.)

Plaintiffs respond that defendant Nationstar is trying to instruct plaintiffs on how to conduct discovery. (*Id.* at 7.) Plaintiffs argue that Kasza performed an investigation in January 2023 into defendant Nationstar's "false reporting that the plaintiffs were delinquent on their loan in the amount of $693,750 and that the loan was in the beginning states of foreclosure." (*Id.* at 7.) According to plaintiffs, this investigation led to defendant Nationstar's loan data on plaintiffs to be corrected and reported accurately to credit reporting agencies. (*Id.*) Plaintiffs state that only Kasza can testify about his investigation.

As an initial matter, under Federal Rule of Civil Procedure 30, plaintiffs are allowed up to ten depositions without leave of court. *See* Fed. R. Civ. P. 30(a). Defendant Nationstar's argument that taking seven depositions is not proportional to the needs of the case because plaintiffs only have one claim is unavailing. (*See* ECF No. 69 at 5-6.) Defendant Nationstar has cited no authority showing that the number of depositions should be limited based on the number of claims.

5

Additionally, plaintiffs state that Kasza conducted an investigation in January 2023 that caused defendant Nationstar's loan data on plaintiffs to be corrected and accurately reported to credit reporting agencies. (ECF No. 69 at 7.) This testimony is relevant and proportional to plaintiff's underlying defamation claim because plaintiffs allege that defendant Nationstar "has and continues to report negative credit ratings to all credit reporting agencies that Plaintiffs are delinquent on the rescinded loan." (ECF No. 26 at 13, ¶ 70; ECF No. 61 at 3.) If, as plaintiffs allege, Kasza's investigation led to accurate reporting, then his testimony about this investigation is relevant and proportional to plaintiff's claim. Additionally, defendant Nationstar broadly states that plaintiffs have access to almost 2,000 pages of documents and have relevant information to prosecute their single claim, however defendant Nationstar does not explain if these documents include information about Kasza's investigation. Further, if plaintiffs agree to wait to depose Kasza until he returns from leave, then there is no apparent burden on defendant Nationstar.

Accordingly, defendant Nationstar's motion for a protective order is DENIED.

### C. Modification of Pre-Trial Scheduling Order

While the Court has decided to deny the protective order, the Court notes that discovery closed on December 18, 2024. (ECF No. 59.) The parties currently have a motion to continue the trial date and to modify the pre-trial scheduling order set before Senior District Judge John A. Mendez. (ECF No. 60.) In that motion, plaintiffs request that the Court allow them to take Kasza's deposition when he returns to work after the close of discovery. (*Id.* at 10.) Defendant Nationstar's motion for a protective order is accordingly denied pending the District Judge's decision regarding the scheduling order.

### IV. Conclusion

In accordance with the above, IT IS ORDERED as follows:

1. Defendant Nationstar's motion for protective order (ECF No. 61) is denied;
   a. Jeremy Kasza's deposition shall be taken when he returns from FMLA leave, subject to the District Judge's decision to modify the pre-trial scheduling order; and
   b. Plaintiffs shall not request to depose Jeremy Kasza before he returns from

FMLA leave.

Dated: January 10, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, tibb.0596.24