UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE F. TIBBETTS and TAMBERLYN TIBBETTS,<br><br>Plaintiffs,<br><br>v.<br><br>KELLER MORTGAGE, LLC, dba KELLER MORTGAGE, et al.,<br><br>Defendants. | No. 2:23-cv-00596-JAM-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

FACTUAL BACKGROUND

Before this Court is Steve and Tamberlyn Tibbetts' ("Plaintiffs") motion for leave to file a Fourth Amended Complaint. See Mot., ECF No. 65. Defendants filed an opposition. See Opp'n, ECF No. 67. Plaintiffs replied. See Reply, ECF No. 70.

Plaintiffs' Third Amended Complaint alleges four causes of action against Defendants stemming from a false report to a credit agency that Plaintiffs were delinquent on a loan, which resulted in deterioration of their creditworthiness. Plaintiffs

1

now seek to file a Fourth Amended Complaint to include new causes of action and additional factual evidence.  For the reasons provided herein, the Court DENIES Plaintiffs' motion to amend.[1]

## I.   OPINION

### 1.   Legal Standard

Federal Rule of Civil Procedure Rule 15 provides that a party may amend its complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Thereafter, a party may amend only by leave of the court or by written consent of the adverse party.  Id.  Leave to amend is typically "granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Additionally, once a pretrial scheduling order has been issued, the Court must also consider the "good cause" standard under Federal Rule of Civil Procedure 16.  See Johnson, 975 F.2d 604, 608 (9th Cir. 1992).

### B.   Analysis

#### 1.   Futility of the Pleadings

Courts are empowered to deny leave to amend based on the futility of the proposed amendment.  See Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015).  Additionally, futility

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 21, 2025.

2

alone can justify a court's refusal to grant leave to amend. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).

Defendants' primary argument in their opposition to this motion is that Plaintiffs' proposed amendments to their complaint would be futile. Defendants contend that the proposed new causes of action fail as a matter of law because they are preempted and no duty of care can be established. See Opp'n at 6-10. The Court agrees.

Defendants correctly point out that "state law negligence and defamation claims are preempted by the FCRA" as these claims fall "directly within provisions of the statute that prohibit furnishers of information from reporting inaccurate information." Buraye v. Equifax, 625 F.Supp.2d 894, 900-01 (C.D. Cal. 2008) (citing 15 U.S.C. § 1681t(b)(1)(F)); see also 15 U.S.C. § 1681h(e) ("no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."). Here, Plaintiff's proposed First and Third Causes of action for negligence and defamation would squarely be preempted by federal statute.

Moreover, Plaintiffs' amended Second Cause of Action would similarly fail because Plaintiffs admit that they never contacted the credit reporting agencies, and as such, cannot sustain their newly alleged FCRA claims. See Opp'n at 6, Cheong Decl. ¶¶ 6-7. Courts in the Ninth Circuit have held that "[a] necessary predicate to the filing of a claim for violation of § 1681s-2(b)

3

1 | is that the plaintiff must first notify the national credit
2 | reporting agencies of the dispute." Ruiz v. Central Mortgage
3 | Company, No. CV-14-08627-MMM-SSx, 2015 WL 12683873, at *16 (C.D.
4 | Cal. Apr. 2, 2015); see also Roybal v. Equifax, 405 F.Supp.2d
5 | 1177, 1180 (E.D. Cal. 2005) ("The furnisher's duty to
6 | investigate, however, does not arise unless it receives notice of
7 | the dispute from the CRAs directly.").
8 | Notably, Plaintiffs fail to adequately address or respond to
9 | Defendants' arguments.  Pursuant to the Order Regarding Filing
10 | Requirements, the Court cannot consider any arguments in
11 | Plaintiffs' reply brief which appear past the specified five page
12 | limit.  See ECF No. 2-2.  As a result, the court accepts the
13 | Defendants' arguments and finds that the newly proposed causes of
14 | action would be futile.

### 2. No Good Cause Has Been Shown

16 | While Plaintiffs argue that they have not acted in bad
17 | faith, they do not proffer any demonstration of the good cause
18 | requisite to modify the existing scheduling order.  In line with
19 | Rule 16, the Pretrial Scheduling Order issued in this case
20 | states that "[n]o further joinder of parties or amendments to
21 | pleadings is permitted except with leave of court, good cause
22 | having been shown.".  ECF No. 48 at 2:2-4.  Plaintiffs do not
23 | address Rule 16 in their motion for leave and the Court finds
24 | that vacating the upcoming deadlines already set for dispositive
25 | motions and the pretrial conference would cause Defendants
26 | prejudice and an undue delay.
27 | Given that Plaintiffs' proposed amendments to their already
28 | operative Third Amended Complaint would be futile and no good

cause has been shown, the Court finds that Plaintiffs are unable to meet the standards for revision articulated in Rule 15 and Rule 16.

## II.  ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Leave to File a Fourth Amended Complaint. Additionally, the Court imposes a $250 fee on Plaintiffs' counsel for violating the specified page limit for reply memoranda of law, pursuant to the Order Regarding Filing Requirements, ECF No. 2-2. Plaintiffs' counsel shall pay this fee within ten days.

IT IS SO ORDERED.

Dated: February 6, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE